**WESTERN PAC. R. CO. v. PACIFIC PORTLAND CEMENT CO. et al.**

No. 26708-G.

United States District Court
N. D. California, S. D.
May 11, 1949.

C. W. Dooling, E. L. Van Dellen, San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, Marshall P. Madison, Eugene D. Bennett, James Michael, San Francisco, Cal., for defendant Pacific Portland Cement Co.

GOODMAN, District Judge.

Between October 1944 and March 1946, defendant, operator of a gypsum plant at Empire, Nevada, approximately five miles from plaintiff railroad's station at Gerlach, held, from time to time, empty railroad

cars of plaintiff on its (defendant's) tracks, awaiting loading. This action by plaintiff railroad is to recover unpaid demurrage charges. 28 U.S.C.A. § 1337, revised, 28 U.S.C.A. § 41(8).

■ The primary defense is that the cars, claimed to be subject to demurrage, were placed on defendant's tracks as an accommodation to plaintiff pursuant to discussions and understandings between employees of the parties. There is testimony that plaintiff did not have adequate trackage at Gerlach, because of heavy traffic, and hence requested defendant to hold cars on defendant's tracks. But all the cars so placed were actually loaded by defendant and shipped. And there is also evidence that defendant needed and wanted the cars made available. Having in mind the nature of the testimony, it is a fair inference that the placing and holding of the cars on defendant's tracks, even if for the benefit of plaintiff, was also of advantage to defendant.[1]

■ Defendant, upon the assumption that the procedure followed was entirely for the benefit of plaintiff, contends that the tariffs, in fact, did not impose any demurrage charge upon the cars, for the asserted reason that defendant did not "detain" the cars.

But irrespective of intended purpose or benefit, the cars were all actually used for defendant's purposes. This alone makes the tariff applicable. Freight Tariff, Item 5(b). Neither understandings or agreements may stay the operation of the tariff. They are immaterial.[2]

■ Neither benefit to shipper nor fault of the carrier is material in the application of the demurrage tariff.[3] The cars were on defendant's own tracks and were loaded

by it. It is public policy, not benefits or burdens, which dictates and requires the payment of demurrage.[4] It applies upon placing or spotting of the cars on defendant's tracks, without more.[5]

For this reason, and also because the evidence is sufficient to show a benefit in fact to defendant as well as to plaintiff, I am of the opinion that liability for demurrage rests upon defendant.

■ It is also contended by defendant that the practice followed is excused by "vis major," i. e. the difficult carriage and storage problems caused by World War. The legality of this contention is extremely doubtful.[6] In any event it does not have probative force inasmuch as the evidence shows the practice, in some part at least, to have begun almost 15 years before the war. Obversely, the length of the so-called practice does not per se vest it with any validity.

■ Defendant urges as a special defense that, as to certain of the demurrage charges, it is relieved from liability by the so-called "non-recourse" clause in the bills-of-lading. By this clause (Sec. 7, Uniform Bill of Lading) the consignee assumes "the freight and *all other lawful charges*" and the consignor (defendant here) is relieved. Defendant contends that demurrage before shipment (the charges here involved) is embraced within the meaning of the language: "and all other lawful charges."

I must disagree with this contention.

To hold that under this language a consignee may be held liable for demurrage charges while a car is in the control of the consignor, and before actual transportation commences, is legally indefensible. No decided case cited, or which our research has disclosed, has ever so held. See Cleve-

---

[1] In the briefs, defendant refers to remarks of the Court, during the opening statements of counsel, to the effect that demurrage would not apply if the cars were held for the benefit of the railroad. However this was prior to the introduction of any evidence and before argument as to the law. Furthermore the Court stated in effect that the facts would control.

[2] Demurrage charges are sought pursuant to Freight Tariff, 4-x, Rules 1, A; 3E; 6A; 6D; Item 5(b). See also cases cited under Note 3.

[3] 49 U.S.C.A. § 6(7); Lowden v. Simonds Shields-Lonsdale Grain Co., 306 U.S. 516, 59 S.Ct. 612, 83 L.Ed. 953; Baltimore & O. R. Co. v. United States, 305 U.S. 507, 59 S.Ct. 284, 83 L.Ed. 318.

[4] 49 U.S.C.A. § 6(7); Iverson v. United States, D.C., 63 F.Supp. 1001, affirmed 327 U.S. 767, 66 S.Ct. 825, 90 L.Ed. 998.

[5] Freight Tariff, Rule 6, D.

[6] John Lysaght v. Leigh Valley R. Co., D.C., 254 F. 351, affirmed 2 Cir., 271 F. 903; Norfolk Southern R. Co. v. Glover, 222 N.C. 594, 24 S.E.2d 250.

land, C., C. & St. L. R. Co. v. McKenzie, Lumber Co., 1925, 112 Ohio St. 80, 147 N.E. 8, 12.

In context the language "and all other lawful charges," according to Lord Tenderden's Rule (ejusdem generis), can only properly refer to "charges" connected with transportation. " 'Freight' is the price due a carrier for the actual transportation of the goods." Lake Superior & M. R. Co. v. United States, 93 U.S. 442, 454, 23 L.Ed. 965. Even if there be doubt as to the propriety of invoking the rule of ejusdem generis, the true intent of the contract is clear. Phillips v. Houston Nat. Bank, 5 Cir., 108 F.2d 934.

In some of the bills of lading involved, defendant was consignee. As to these, defendant claims its liability is to the terminal carrier and not to plaintiff. This contention is unsubstantial, inasmuch as defendant, having incurred the demurrage, is liable, whether or not it happened in some cases to be also consignee. In any event, this point is moot, in view of the Court's holding that the "non-recourse" clause is not a valid defense.

Plaintiff should recover $58,533.20 for demurrage; $1,757.99 Federal taxes, together with interest and costs.

Prepare findings pursuant to the Rules.